IN THE UNITED STAT11ES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 SEP 26 PM 2: 48

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| ROBERT S. BURCH, | ) |
| Plaintiff Counter-Defendant, | ) |
| v. | ) Case No. 05-2182 D/P |
| GILLIAM COMMUNICATIONS, INC., WLOK RADIO, INC., and H.A. GILLIAM JR., | ) |
| Defendants Counter-Plaintiffs. | ) |

## ORDER DENYING THE MOTION OF ROBERT S. BURCH TO DISMISS COUNTER-PLAINTIFF'S CLAIM

Before the Court is the motion (dkt. # 8) of Counter-Defendant Robert S. Burch ("Mr. Burch") to dismiss the counterclaim of Counter-Plaintiff, WLOK Radio, Inc. ("WLOK"), for breach of contract, breach of fiduciary duty, and intentional interference with business relationships. Mr. Burch asserts that WLOK has failed to state claims for which relief can be granted in each of the three actions. Because the Court finds that WLOK has stated valid claims, Mr. Burch's motion to dismiss WLOK's counterclaim is **DENIED**.

## I. FACTS

In December 2001, WLOK offered Mr. Burch a position as General Manager of WLOK. Mr. Burch accepted the position in January 2002 and relocated from California to Memphis. After a six month probationary period, in June 2003, Mr. Burch and WLOK entered into a five year written employment agreement designating Mr. Burch's salary, benefits, and responsibilities for each year. In March 2004, Mr. Burch was terminated before the written agreement was fulfilled.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

Mr. Burch contends that he was assaulted by the president of WLOK, Mr. H.A. Gilliam, and then wrongfully terminated in violation of the agreement. On March 8, 2005, Mr. Burch filed a complaint against Gilliam Communications, Inc., WLOK, and H.A. Gilliam alleging breach of contract, intentional infliction of emotional distress, and solicitation by misrepresentation. WLOK answered and counterclaimed alleging that Mr. Burch engaged in actions contrary to the company's best interest including attempting to force a sale of the business so that he could receive severance benefits, creating a hostile work environment, and causing the company to lose a lucrative contract. WLOK alleged breach of contract, breach of fiduciary duty, and intentional interference with business relationships. Mr. Burch filed the instant motion to dismiss the counterclaim contending that WLOK has failed to state a cause of action for all three counterclaims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a claim for failure to state a claim upon which relief can be granted. Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are designed to test "whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when no set of facts exists which would entitle the counter-plaintiff to recover. Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir. 1989). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

In reviewing a counter-defendant's Rule 12(b)(6) motion to dismiss, a district court should construe the complaint in the light most favorable to the plaintiff and determine whether the counter-plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Res., 902 F.2d 474, 475 (6th Cir. 1990), cert. denied, 498 U.S.

2

867 (1990). If an allegation is capable of more than one inference, it must be construed in the claimant's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991).

## III. ANALYSIS

Mr. Burch alleges that WLOK has failed to state a claim for breach of contract, breach of fiduciary duty, and intentional interference with business relationships. The Court will address each claim individually.

### A. Breach of Contract

Mr. Burch argues that WLOK failed to state a claim for breach of contract because the gravamen of the complaint is in tort. Mr. Burch also contends that a provision of the contract allowing WLOK to terminate him for cause bars WLOK from recovering damages.

In Tennessee, "[t]he essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." Craft v. Forklift Sys., Inc., No. M2002-00040-COA-R3-CV, 2003 WL 21642767, at *4 (Tenn. Ct. App. July 14, 2003) (quoting Custom Built Homes v. G.S. Hinsen Co., No. 01A01-9511-CV-00513, 1998 WL960287, at *3 (Tenn. Ct. App. Feb. 2, 1998)). WLOK has alleged each of these elements.

In paragraph 9 of the counterclaim, WLOK states that it entered into a written employment agreement with Mr. Burch. Am. Countercl. ¶ 9. WLOK also states that:

> Burch breached the Agreement, including but not limited to (a) failing to adequately or competently fulfill the duties of general manager of WLOK as required by Sections 8 and 10.3 of the Agreement; and (b) failing to devote his best efforts and ability to the business of WLOK, as required by Section 9 of the Agreement.

Am. Countercl. ¶ 2. Finally, WLOK alleges that Mr. Burch caused WLOK to sustain substantial damages of approximately $388,515 because of his alleged improper actions. Am.

3

Countercl. ¶ 27. Although Mr. Burch argues that paragraph 10.3 of the agreement preludes recovery of damages, this is not the clear import of that paragraph. Paragraph 10.3 of the agreement states, "[i]f the Manager shall fail substantially to cure such failure to perform within thirty (30) days following the giving of such notice. . . then Employer shall have the right to terminate this agreement." Mr. Burch claims that WLOK's sole remedy, therefore is to terminate Mr. Burch. However, contracts are interpreted "based upon the usual, natural, and ordinary meaning of the language used." *In re* Estate of Sanders, No. M2003-00280-COA-R3-CV, 2004 WL 60339, at * 3 (Tenn. Ct. App. Nov. 8, 2004) (citing Guiliano v. Cleo, Inc., 995 S.W.2d 88, 95 (Tenn. 1999)).

Paragraph 10.3 does not state that the right to terminate the agreement is the employer's sole or exclusive remedy for breach and the Court will not imply such terms. Paragraph 10.3 grants the employer an option to terminate after notice, but does not purport to foreclose any other rights. As WLOK stated during argument by way of example, such an interpretation would effectively preclude a company from recovering any embezzled funds or converted property from any employee who signed a contract with similar terms. This is not the usual, ordinary, or logical meaning of a paragraph that gives an employer the right to terminate for cause. Therefore, because WLOK has alleged the existence of an enforceable contract, breach of that contract, and damages flowing from that breach, the counter-complaint is sufficient to state a claim for breach of contract.

### B. Breach of Fiduciary Duty

Mr. Burch also contends that WLOK failed to state a cause of action for breach of fiduciary duty because he did not engage in active competition while he was employed by WLOK. However, an employee's fiduciary duty is not limited to refraining from competing with his employer. An employee "must act solely for the benefit of the employer in matters within the scope of his employment. The employee must not engage in conduct that is adverse to the employer's interest."

4

Efrid v. Clinic of Plastic and Reconstructive Surgery, P.A., 147 S.W.3d 208, 219 (Ct. App. Tenn. 2004) (quoting Knott's Wholesale Foods, Inc. v. Azbell, No. 01A-0109510-CH-00459, 1996 WL 697943, at *3 (Tenn. Ct. App. Dec. 6, 1996)). This includes, but is not limited to, competing with an employer. The employee can breach an obligation of fiduciary duty in other ways. In WLOK's counterclaim, it alleges that Mr. Burch engaged in conduct that was adverse to the employer's interest by, among other things, trying to force the sale of WLOK and creating a hostile work environment. Am. Countercl. ¶¶ 13, 15-16. Because it is not necessary to show that an employee competed with his employer, only that the employee took actions adverse to the employer's interest, and WLOK has pleaded facts to state a cause of action on which relief could be granted. Accordingly, the motion to dismiss WLOK's breach of fiduciary duty claim is denied.

### C. Intentional Interference with Business Relationships

Mr. Burch's final argument is that WLOK has failed to state a claim for intentional interference with business relationships because the statute of limitations has expired and because Mr. Burch did not cause the breach of an existing contract.

In order to state a claim for intentional interference with business relationships, the claimant must show:

> (1) An existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and finally (5) damages resulting from the tortious interference.

Trau-med of America v. Allstate Ins. Co., 71 S.W.3d 691, 701 (Tenn. 2002). The Trau-med Court also states that improper motive means that the predominant purpose of the tortfeasor is to injure the claimant. Trau-med, 71 S.W.3d at n. 5 (citing Leigh Furniture & Carpet Co. v. Isom, 657 P.2d 293,

5

307-08 (Utah 1982)).

In this case, WLOK asserts that Mr. Burch was aware of their existing business relationship with Howell Advertising which brought WLOK substantial revenue. Am. Countercl. ¶ 20. Mr. Burch was also allegedly aware that the relationship was contingent on Edna Mills working for WLOK, and Howell would terminate the business relationship if Ms. Mills no longer worked for WLOK. Am. Countercl. ¶ 21. WLOK further alleges that Mr. Burch intentionally engaged in offensive conduct towards Ms. Mills including verbal abuse, name calling, yelling, and intimidation, ultimately causing her to resign and causing WLOK to lose its business relationship with Howell. Am. Countercl. ¶¶ 22, 24.

Mr. Burch first argues that this claim is barred by the one-year statute of limitations found in Tenn. Code Ann. § 28-3-104(a)(4). However, a three-year statute of limitations is applied to actions for unlawful interference with business relationships. See Carruthers Ready-Mix, Inc. v. Cement Masons Local 520, 779 F.2d 320, 324 (6th Cir. 1985) (citing Harvey v. Martin, 714 F.2d 650, 652 (Ct. App. Tenn. 1983)).

Mr. Burch also argues that this claim is insufficient because WLOK did not allege that Mr. Burch induced Howell to breach an existing contract, which is one of the elements of a statutory claim of inducement of breach of contract. Tenn. Code Ann. § 47-50-109. Although T.C.A. § 47-50-109 was raised as a potential basis for damages in WLOK's intentional interference with business relationships claim, inducement of breach of contract under § 47-50-109 and intentional interference with business relationships are two distinct causes of action. Inducement of breach of contract, which is the statutory claim found in T.C.A. § 47-50-109 requires an existing contract, while intentional interference with business relationships arises at common law and does not require an existing contract. Trau-med, 71 S.W.3d at 701. Because an existing contract is necessary for an

6

action in inducement of breach of contract and WLOK has not alleged that Howell breached an existing contract by discontinuing its relationship with WLOK, WLOK has not stated a cause of action for inducement of breach of contract under Tenn. Code Ann. § 47-50-109. However, WLOK has stated a claim for intentional interference with business relationships which only requires interference with prospective or existing business relationships. Trau-med, 71 S.W.3d at 701.

Finally, Mr. Burch alleges that he did not possess a predominant motive to injure WLOK, which is necessary to sustain a claim for interference with business relationships. In WLOK's allegations concerning breach of fiduciary duty, WLOK stated that Mr. Burch tried to force WLOK to sell the business so that he could return to California without forfeiting his severance benefits. Mr. Burch contends that because WLOK asserts that he was motivated by his desire to move to California, an intent to injure WLOK's business could not be the predominant purpose of his alleged mischief. However, although WLOK alleges that Mr. Burch was motivated to try to force the sale of the business by his desire to return to California, Mr. Burch may have had a different motivation for causing WLOK to lose its contract with Howell, including hostility towards his employer. This lost business relationship with Howell forms the basis of WLOK's intentional interference with business relationships claim. Mr. Burch has not shown that his predominant purpose in causing the loss of the business relationship was motivated by anything other than an intent to injure WLOK. Accordingly, because WLOK's claim is within the three year statute of limitations, an existing contract is not required. Moreover, because Mr. Burch's predominant purpose to cause the alleged loss of the business relationship may have been to injure WLOK, Mr. Burch's motion to dismiss WLOK's counterclaim for intentional interference with business relationships is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to dismiss filed by Mr. Burch, finding that WLOK has stated valid claims for breach of contract, breach of fiduciary duty, and intentional interference with business relationships.

**IT IS SO ORDERED** this 26 day of September, 2005.

**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 34 in case 2:05-CV-02182 was distributed by fax, mail, or direct printing on September 27, 2005 to the parties listed.

---

Emily B Bjorkman
APPERSON CRUMP & MAXWELL PLC
6000 Poplar Ave
Ste. 400
Memphis, TN 38119

Robin H. Rasmussen
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

James B. Jalenak
HARRIS SHELTON HANOVER WALSH
One Commerce Square
Ste 2700
Memphis, TN 38103

Charmiane G. Claxton
APPERSON CRUMP & MAXWELL, PLC- Poplar
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Edward J. McKenney
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

Honorable Bernice Donald
US DISTRICT COURT